C. H. CRONK, Appellant, v. T. A. DUNLAP, Appellee.

**BOUNDARIES:** Commissioners—Waiver in re Exceptions to Report.
A plaintiff in an action to restore lost boundary lines who, on the day of trial, long deferred, orally asks and is granted an order for

the appointment of a commissioner to locate the said lines, with promise to proceed with the trial on the filing of the commissioner's report, may not, after the report is filed, demand a continuance to the next term, in order to file exceptions to the report.

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

OCTOBER 18, 1921.

A PROCEEDING to establish alleged lost corners of a residence lot. The plaintiff moved for a continuance, and for time to file exceptions to a commissioner's report. His motion being overruled, he refused to appear at the trial, and his petition was dismissed for want of prosecution. He has appealed.—*Affirmed.*

*Roberts & Webber*, for appellant.

*Payne & Goodson*, for appellee.

EVANS, C. J.—The plaintiff alleged in his petition that he was the owner of the east two thirds of a certain Lot 3 in the city of Bloomfield, and that the defendant was the owner of the west one third thereof, and that the boundary line between the two properties had become lost or destroyed. He prayed for an establishment of same under the provisions of Chapter 5, Title XXI, of the Code, being Sections 4228 to 4240. Plaintiff's petition was filed in February, 1919. Issue was made by the defendant forthwith. The defendant pleaded acquiescence in the recognized line, and also adverse possession. At the February, 1920, term of court, the case was regularly assigned for trial upon a fixed date. On such date, the parties appeared. Upon the application of plaintiff, the court appointed a commissioner to make measurements of the lot in question and to make and present a plat which would show the true line separating the east two thirds from the west one third of said lot, and which would also show the alleged line acquiesced in by the parties, as contended by the defendant. This appointment of a commissioner contemplated immediate action and report by the commissioner, and the trial was postponed until such report should be made. Such report was presented on the second day

following, and consisted of a mere plat of a rectangular lot, which indicated the correct mathematical line and the line contended for by defendant as having been acquiesced in. Thereupon, the court ordered the trial to proceed on the second day following the filing of such report. Thereupon, the plaintiff filed a motion for postponement of the trial until the next term, so that he might have opportunity to file exceptions to the report on or before the second day of such term, as provided by Section 4235 of the Code. Such motion by plaintiff gave to the court advance notice that the plaintiff would not appear at the trial on the date set by the court. On such date, the case was called for trial in due course. No one appeared for the plaintiff, and his petition was dismissed.

Plaintiff's exceptions are predicated wholly upon the provisions of Section 4235, whereby the parties are allowed until the second day of the following term to file exceptions to the commissioner's report. For the purpose of this appeal, we will assume that the plaintiff had a mandatory right to such time, unless he had already waived it.

An examination of the record satisfies us that the disclosures therein are sufficient evidence of a waiver to justify the court in the ruling complained of.

For more than one year after the issue had been made, the case had apparently slept upon the docket. At the February, 1920, term, pursuant to trial notice by the defendant, the court fixed a date of trial as of March 15th following. On that date, plaintiff appeared by his attorney, and orally applied for the appointment of a commissioner for a limited purpose. The record recites that, at that time, the plaintiff—

"Orally requested the court to appoint an engineer to inspect and survey the lines in dispute, and stated orally that it would better enable the court to understand and apply the evidence if the commissioner would make a plat showing both lines as claimed by the parties, and stated to the court, in substance, that, if the commissioner found the west line of plaintiff's lot as platted to be on the same line as the fence claimed by defendant as a line by adverse possession or acquiescence, that he would dismiss plaintiff's action at the cost of plaintiff; but that, if the commissioner did not so find, they would proceed immediately

upon the report of the commissioner, with the introduction of the evidence and the final determination of said cause; that thereupon the court sustained the motion of plaintiff, and appointed a commissioner for the express purpose of making a survey to locate the lines claimed by the plaintiff and the defendant, and to draw a plat showing the line claimed by the plaintiff, and also the line claimed by the defendant, and to file said plat at once: and the trial of said cause was suspended until the said report of the commissioner could be filed.''

Pursuant to his appointment, the commissioner made the measurements, and filed his plat on March 17th. Thereupon, the court fixed March 19th as the date for resuming the trial. The defendant had appeared with his witnesses on the 15th, and, pursuant to the temporary postponement of the trial, he held his witnesses in court until the 19th, and until the case was reached for trial. We think that, upon this record, the waiver by plaintiff is shown, and that he was in no position to demand, as a matter of mandatory right, a postponement until the following term. He made no showing whatever that would have justified the court in exercising a discretion in his favor, in the interest of a fair trial.

Furthermore, under Code Section 4230, the issue of acquiescence was one which the court was not required to submit to the commissioner. Such issue was not, in fact, submitted to the commissioner. The trial court could, therefore, have proceeded with the trial of that issue either before or after the filing of the commissioner's report, and without reference thereto. Clearly, therefore, the plaintiff was in no position to make a peremptory demand upon the court, or to say in advance, ''I will not appear before you on the date assigned.'' The case was duly called for trial upon the date fixed. The plaintiff refused to offer any evidence, or to appear in any manner. The court did not err in dismissing his petition. The judgment below is, therefore,—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.